| | |
|---|---|
| **FORREST HILL COMMUNITY ASSOCIATION, INC.** *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>**PUBLIC SERVICE ELECTRIC & GAS COMPANY,** *et al.*,<br><br>Defendants. | Civil Action No. 19-16692-ES-ESK<br><br>**OPINION AND ORDER** |

**KIEL**, United States Magistrate Judge

  **THIS MATTER** having come before the Court on the letter-application dated February 13, 2020 of defendant Public Service Electric & Gas Company ("PSE&G") (ECF No. 44) to stay discovery pending resolution of motions to dismiss (ECF Nos. 19 and 23); and plaintiffs having consented to the requested relief (ECF No. 45); and the Court having considered the request; and finding that:

  1. The complaint in this matter was filed on August 15, 2019. (ECF No. 1.) The complaint alleges, in part, that PSE&G and the individual defendants, who are employees of the City of Newark, conspired to "deny the plaintiffs and the residents of the historic district, due process of law, in violation of the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. Section 1981 and 1983."

(*Id.*, ¶ 31.) The complaint also alleges that the City of Newark[1] has violated the Fourteenth Amendment and 42 U.S.C. §§ 1981 and 1983 by "refusing to enforce its own municipal zoning laws" relating to approvals granted to PSE&G. (*Id.*, ¶ 30.)

2. Plaintiffs filed an application for an Order to Show Cause with Temporary Restraints, along with the complaint, seeking to restrain PSE&G from "installing any poles or placing any high voltage electric lines in the historic district of the City of Newark" (the "First Emergent Application"). (ECF Nos. 1-1 and 1-2).

3. The Court denied the First Emergent Application on August 16, 2019 because the application did not include evidence of service of process or notice to defendants. (ECF No. 3.)

4. On August 17, 2019, plaintiffs renewed their request for emergency relief, seeking the same restraints as in the First Emergent Application (the "Second Emergent Application"). (ECF Nos. 12.)

5. The Court denied the Second Emergent Application. (ECF No. 16.) The Court determined that plaintiffs' brief in support of the Second Emergent Application was "severely deficient, failing to cite to any relevant case law to support their arguments." (*Id.*, p. 2.) In its letter order, the Court referred to plaintiffs' "conclusory [assertion] that federal courts have held 'on numerous occasions' that residents of historic districts have standing to sue." (*Id.*) No case law was supported for this proposition. (*Id.*)

---

[1] The City of Newark is not a named-defendant.

6. On September 20, 2019, PSE&G filed a motion to dismiss the claims that were asserted against it. (ECF No. 19.) PSE&G argues that plaintiffs lack standing to bring the claims, it is not a "state actor" that can be liable under 42 U.S.C. §§ 1981 and 1983, and it has a statutory right to place utility poles in a public right of way. (ECF No. 19-1.)

7. On October 11, 2019, the individual defendants filed a motion to dismiss the claims that were asserted against them. (ECF No. 23.) The individual defendants also argue that plaintiffs lack standing to bring the constitutional claims. Additionally, they argue that they are protected by an immunity, plaintiffs have failed to state a claim, and plaintiffs' claim of conspiracy does not meet the statutory definition for conspiracy. (ECF No. 23-5.)

8. Plaintiffs opposed the motions to dismiss (the "Motions"). (ECF Nos. 25 and 34.) Defendants filed their respective replies. (ECF Nos. 31 and 41.) The Motions are pending.

9. The Court conducted an initial scheduling conference (the "Conference") on February 7, 2020. (Second minute entry following ECF No. 42.) Pursuant to discussions at the Conference, the Court entered a text order permitting any party to seek an order staying discovery pending the resolutions of the Motions. (ECF No. 43.)

10. PSE&G filed a letter requesting stay of discovery on February 13, 2020. (ECF No. 44). Plaintiffs consent to a stay of discovery. (ECF No. 45.)

11. This Court has the discretion to stay a proceeding whenever "the interests of justice" mandate "such action." *United States v. Kordel,* 397 U.S. 1, 12 n.27 (1970). The Court's authority "to control the disposition of the causes on its docket with economy of time and effort" implicitly carries with it "the power to stay proceedings[.]" *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). In making such a determination, courts "must weigh competing interests" and strive to "maintain an even balance[,]" *id.* at 254–55, mindful that the stay of a civil proceeding constitutes "an 'extraordinary remedy.'" *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.,* 7 F.Supp.2d 523, 526 (D.N.J. 1998).

12. Here, a stay of discovery pending resolution of the Motions is appropriate because: (1) a stay of discovery will not prejudice any party or cause a tactical disadvantage for any party; (2) a stay of discovery would not create a hardship for any party if discovery were stayed while the Motions are pending; (3) a stay would afford time for consideration of the Motions, the resolution of which may resolve or simplify issues for this matter; and (4) no trial date has been set. *See Akishev v. Kapustin*, 23 F.Supp.3d 440, 446 (D.N.J. 2014).

Accordingly,

**IT IS** on this 13th day of March 2020 **ORDERED** that the Letter Application **(ECF No. 44)** is granted, and that discovery is stayed pending resolution of the Motions To Dismiss.

                                                */s/ Edward S. Kiel*
                                                **Edward S. Kiel**
                                                **United States Magistrate Judge**